IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DINA T. AMANDURON | § | |
| | § | |
| | § | |
| VS. | § | CIVIL NO.4:15-CV-271-Y(BJ) |
| | § | |
| TRANSPORT WORKERS UNION | § | |
| INTERNATIONAL, et al. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Plaintiff has filed a civil case with a motion for leave to proceed *in forma pauperis.* Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Dina T. Amanduron is the plaintiff. The defendants are the Transport Workers Union International, and the Transport Workers Union Local 513.

C. LEGAL ANALYSIS

Plaintiff accompanied her complaint with a motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq.* That motion/application includes the income and asset information for

---

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

the plaintiff. A review of the financial information submitted reflects that Dina T. Amanduron receives $3,680 a month in income, and $712 in monthly child support payments.[2] Amanduron lists two dependants. The applicable poverty guideline for a family of three is $20,090. Thus, at $3,680 a month in income, Plaintiff's total annual compensation is $44,160, far above the poverty level. Additionally, she receives over $8,500 a year to assist with the dependents. The information in this application thus shows that Amanduron has sufficient resources available to pay the applicable fees. Thus, after review and consideration of the application/motion to proceed in forma pauperis, the undersigned finds the motion to proceed IFP should be denied, and will make such a recommendation.

## RECOMMENDATION

It is therefore RECOMMENDED that Plaintiff's April 8, 2015 motion to proceed in forma pauperis [docket no. 4] be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform Plaintiff that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the filing and administrative

---

[2]Courts consider receipt of child support payments as a part of income for purposes of the in forma pauperis review. *See Russell v. City of Dallas,* No.3:11-CV-493-G, 2011 WL 1897356, at *1 (N.D. Tex. April 22, 2011), *rep. and rec. adopted,* 2011 WL 1897210 (N.D. Tex. May 18, 2011); *Fuentes v. United States,* 100 Fed. Cl. 85, 92 (Fed. Cl. Sep. 21, 2011); *Mitchell v. Champs Sports,* No.1:98-MC-43, 42 F. Supp.2d 642, 648 (E.D. Tex. Dec. 15, 1998).

fees of $400.00[3] within seven (7) days after the district judge's order.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 4, 2015. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United

---

[3] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until May 4, 2015 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED April 13, 2015.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE